**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**THERREL DAVIS**                                                                 **PLAINTIFF**

**V.**                                                                 **CASE NO. 5:12-CV-128-MTP**

**EMMITT L. SPARKMAN, et al.**                                                                 **DEFENDANTS**

---

### OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [33] filed by the

Defendant, Emmitt Sparkman, in his official capacity as Deputy Commissioner of MDOC.

Having considered the motion, applicable law and case record, the undersigned finds that

Defendant's Motion should be granted.

### FACTUAL BACKGROUND

Plaintiff Therrell Davis, proceeding *pro se* and *in forma pauperis,* filed his Complaint [1]

pursuant to 42 U.S.C. §1983 in this Court on September 13, 2012.  The lawsuit arises from

events that took place while Davis was a post-conviction inmate at Wilkinson County

Correctional Facility ("WCCF") in Woodville, Mississippi, and South Mississippi Correctional

Institute ("SMCI") in Leaksville, Mississippi.

His claims and relief sought were clarified and amended by his sworn testimony at the

*Spears*[1] hearing on June 26, 2013; and this Court entered its Omnibus Order [29] therefrom on

July 1, 2013.  At the time of the *Spears* hearing, Davis was housed at WCCF.  Pursuant to the

Omnibus Order, this Court clarified from Plaintiff's sworn testimony that the Plaintiff's only

request was to be transferred to another facility because he believed his life was in danger at

---

[1]*Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1985).

WCCF.  Accordingly, the Court determined that all Defendants except Emmitt Sparkman should be dismissed from the lawsuit because, as the Deputy Commissioner of the MDOC, Sparkman was the only person who could provide the relief sought by the Plaintiff.  Further, the Plaintiff was admonished to advise the Court of a change of address during the pendency of his lawsuit and that failure to do so could result in the dismissal of his lawsuit without notice.

On July 1, 2013, this Court entered its Order of Dismissal of Certain Defendants and Claims [31] whereby all named Defendants were dismissed, and claims against Emmitt Sparkman, individually, were dismissed.  The only remaining claim was against Emmitt Sparkman in his official capacity to provide the relief sought, transfer of the Plaintiff to a different facility from WCCF.

The Defendant filed his Motion for Summary Judgment on August 7, 2013. Sparkman claims that Judgment should be entered in his favor because the Plaintiff was transferred from WCCF to SMCI on July 11, 2013, thus rendering his cause of action moot.  The Defendant has attached to and in support of his Motion for Summary Judgment a certified copy of the Plaintiff's relevant institutional records including Housing History and Drill Down Detail Report, both of which indicate that the Plaintiff was transferred from WCCF to SMCI on July 11, 2013, ten days after entry of the Omnibus Order.

The Court record is devoid of any change of address filed on or behalf of the Plaintiff. Having received no response to Defendant's Motion for Summary Judgment, on October 8, 2013, this Court ordered the Plaintiff to file his response on or before October 25, 2013.  (Order [35]).  Plaintiff has still not filed any response to the Motion for Summary Judgment, nor has he notified the Court of his address change.

# ANALYSIS

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, movants demonstrate that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If movants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id* at 712.

There, however, must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[2] unsubstantiated assertions,[3] or the presence of a "scintilla of evidence,"[4] is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

---

[2] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990)

[3] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994)

[4] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)

Plaintiff has failed to file a response to Defendant's Motion for Summary Judgment.  By not filing a response, Plaintiff has failed to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).  Notwithstanding Plaintiff's failure to respond, summary judgment should not be automatically granted in favor of Defendant. *John*, 757 F.2d at 709.  The burden still rests with the movant to establish the absence of a genuine issue of material fact.

The Court is satisfied that there are no genuine issues of material fact remaining.  The undisputed evidence submitted by the Defendant supports that the Plaintiff has obtained the only relief sought in his cause of action.  He has been transferred out of WCCF where he claimed his life was in danger.  It has been almost eight months since his transfer, and the Plaintiff has filed no response stating otherwise.  Further, he has not updated his address with the Court as required.

When there has been no demonstration of an equitable claim being capable of repetition evading review after an inmate has been transferred out of the facility where the alleged violation of his rights occurred, dismissal as moot is appropriate. *Daniels v. Waller*, 2006 WL 763115 at *1 (S.D. Miss. Mar. 24, 2006).  As the Defendant has correctly pointed out, "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

The Court agrees that Davis' claim became moot when he was transferred out of WCCF and subsequently failed to show the possibility of any repeated actions to support the need for court intervention.  Accordingly, Defendant's Motion for Summary Judgment is granted.

**CONCLUSION**

Plaintiff's claim for relief is moot, so Defendant's Motion for Summary Judgment should be granted.

IT IS THEREFORE ORDERED:

1.  That Defendant's Motion for Summary Judgment is GRANTED and that this action is dismissed with prejudice.

2.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED

This, the 4th day of March, 2014.

**/s/MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE

5